**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Charlie WYNE, Defendant–Appellant.**

**No. 08–15539**
**Non–Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Sept. 10, 2009.

Richard F. Della Fera, Entin & Della Fera, P.A., Fort Lauderdale, FL, for Defendant–Appellant.

Before CARNES, WILSON and COX, Circuit Judges.

PER CURIAM:

Charlie Wyne appeals his convictions for possession of a firearm and ammunition by a convicted felon; possession with intent to distribute at least five grams or more of

cocaine base; and knowingly carrying a firearm and ammunition during and in relation to a drug trafficking crime. Wyne argues the district court abused its discretion when it denied his request for a recess, which prevented him from presenting testimony from a defense witness.

The parties agree the district court's denial of this motion for a recess is reviewed for an abuse of discretion. However, we are precluded "from reviewing an issue raised on appeal if it has been waived through the doctrine of invited error." *United States v. Brannan*, 562 F.3d 1300, 1306 (11th Cir.2009) (emphasis and citation omitted). The "doctrine of invited error is implicated when a party induces or invites the district court into making an error." *Id* (quoting *United States v. Stone*, 139 F.3d 822, 838 (11th Cir.1998)).

We do not find the court abused its discretion when it refused Wyne's request for a recess. But even if the court erred, Wyne invited the error of which he now complains. During trial, a defense witness failed to appear at her scheduled time of 9:00 a.m. Wyne told the court that he would exclude her as a witness if she did not arrive by 10:00 a.m. (R.6–114 at 21.) After Wyne's defense witness failed to arrive by his self-imposed deadline, the district court proceeded with the trial. Accordingly, we affirm Wyne's convictions and sentences.

AFFIRMED.